**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MATTHEW ADAMS, | * |
| Plaintiff/Counter-Defendant, | * |
| v. | *    Civil Action No. 1:25-cv-01949-TNM |
| FORT MYER CONSTRUCTION CORPORATION, | * |
| | * |
| Defendant/Counter-Plaintiff. | |

## JOINT LOCAL RULE 16.3 REPORT

Pursuant to Local Rule 16.3 and Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff/Counter-Defendant, MATTHEW ADAMS ("Mr. Adams") and counsel for Defendant/Counter-Plaintiff, FORT MYER CONSTRUCTION CORPORATION ("FMCC") (Mr. Adams and FMCC, collectively, the "Parties"), met via video conference on May 8, 2026 and conferred concerning the matters set forth in Local Civil Rule 16.3(c), and hereby submit the following joint report. In addition, a proposed Stipulated Protective Order and Scheduling Order is included for the Court's consideration.

## A.  PLAINTIFF'S CASE SUMMARY

Mr. Adams claims that he was subjected to unlawful retaliation in the form of termination of his employment as Acting General Counsel with FMCC in violation of Title VII of the Civil Rights Act of 1991, the District of Columbia Human Rights Act, and 42 U.S.C. § 1981.

1

As set forth below, FMCC has brought counterclaims against Mr. Adams for (1) breach of fiduciary duty; (2) legal malpractice; and (3) conversion. The conversion claim has been dismissed, and Mr. Adams denies liability with respect to the remaining claims.

## B. DEFENDANT'S CASE SUMMARY

Mr. Adams was employed as an at-will employee with FMCC and was most recently employed as FMCC's Acting General Counsel. At all times, Mr. Adams was treated in accordance with applicable laws, including but not limited to Title VII of the Civil Rights Act of 1991, the District of Columbia Human Rights Law, and 42 U.S.C. § 1981, and was not subjected to unlawful retaliation by FMCC. FMCC justifiably terminated Mr. Adams's employment, and Mr. Adams is liable to FMCC for damages relating to his breach of fiduciary duties and legal malpractice for actions taken by him while he was employed by FMCC. Each such claim is set forth in detail in FMCC's Counterclaim against Mr. Adams.

## C. MATTERS DISCUSSED BY THE PARTIES

(1) DISPOSITIVE MOTIONS TO DISMISS

At the time of this Joint Report, the Court has ruled upon FMCC's Motion to Dismiss and denied same as well as ruled on Plaintiff's Motion to Dismiss FMCC's Counterclaims, partly granting and denying same, solely dismissing the Conversion claim. Summary judgment briefing is discussed below.

(2) ADDITIONAL PARTIES / AMENDED PLEADINGS

2

Matthew Adams does not, at this time, anticipate adding new parties or amending his pleadings in this matter. FMCC is considering an amendment to the counterclaims as it is currently reexamining the conversation claim based on the Court's ruling.  FMCC does not anticipate adding new parties.

(3) MAGISTRATE JUDGE

The Parties do not consent to the assignment of a Magistrate Judge to conduct all proceedings.

(4) SETTLEMENT

The Parties believe settlement is unlikely at this time but will continue to evaluate their settlement positions as discovery proceeds.

(5) ALTERNATIVE DISPUTE RESOLUTION

The Parties believe that ADR is premature at this time but will inform the Court promptly should they determine otherwise at any stage of these proceedings.

(6) MOTIONS

The Parties believe that it is premature to anticipate whether there will be one or more motions for summary judgment. The Parties request that the Court set the deadline for filing of motions for summary judgment 75 days following the close of discovery.

(7) RULE 26 INITIAL DISCLOSURES

The parties have agreed to move forward with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) in the normal course without modification.

(8) DISCOVERY PLAN

The Parties jointly propose to the Court the following Discovery Plan:

a. Discovery Scope and Guidelines:

The Parties will engage in discovery regarding Plaintiff's claims and defenses and Defendant's counterclaims and defenses. The Parties anticipate completion of fact discovery in approximately six (6) months.

b. Discovery Schedule

The Parties propose that the close of all discovery be set at November 2, 2026.

The Parties propose that the Dispositive Motion Deadline be set at January 19, 2027.

The Parties propose expert designations and discovery before the dispositive motions deadline, with suggested dates of June 29, 2026 for Plaintiff/Counter-Plaintiff Expert Disclosure and August 17, 2026 for Defendant/Counter-Defendant Expert Disclosure.

b. Electronic Discovery:

The Parties are currently discussing several issues related to the disclosure or discovery of electronically-stored information. The Parties agree that documents, where applicable, should be produced electronically in a searchable TIFF (or searchable PDF) or in native format.

c. Other Discovery Limitations:

The Parties agree that, at this time, there shall be no change in the limitations on discovery under the Federal Rules of Civil Procedure or the Court's Local Rules except that the Parties will be limited to ten (10) depositions, excluding experts. Any

later requests for additional discovery once the presumptive limits have been reached will be considered in good faith by the Parties.

d. Other Discovery Orders:

The Parties agree that service of written discovery not required to be filed with the Court will be accepted by electronic (email) transmission.

(9) ISSUES WITH ESI

The Parties are working through issues concerning electronically stored information. The Parties have discussed their expectations with respect to how documents shall be collected and produced and agree to continue to work in good faith to ensure those expectations are met.

(10) ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES

The Parties agree that attorney-client communications and other privileged documents shall remain privileged and subject to the proposed Stipulated Protective Order filed herewith (subject to the Court's approval of same).

(11) EXPERT DISCOVERY

The Parties propose expert designations and discovery before the dispositive motions deadline, with suggested dates of June 29, 2026 for Plaintiff/Counter-Plaintiff Expert Disclosure and August 17, 2026 for Defendant/Counter-Defendant Expert Disclosure.

(12) CLASS ACTIONS

Not applicable.

(13) DISCOVERY BIFURCATION

As noted, the Parties propose expert designations and discovery before the dispositive motions deadline, with suggested dates of June 29, 2026 for Plaintiff/Counter-Plaintiff Expert Disclosure and August 17, 2026 for Defendant/Counter-Defendant Expert Disclosure.

(14) PRETRIAL CONFERENCE

The Parties propose a Pretrial Conference be held 45 days following the Court's ruling on any dispositive motions.

(15) TRIAL DATE

The Parties believe it is premature to set a trial date at this time.

(16) OTHER MATTERS

The Parties propose entry of the attached Stipulated Protective Order.

D. JOINT PROPOSED SCHEDULING ORDER

Accompanying this Joint Report is the mutually agreed upon Joint Proposed Scheduling Order.

DATE: May 8, 2026                          Respectfully submitted,

                                           MATTHEW ADAMS

                                           By Counsel


                                            /s/ Joshua Erlich per authority / PJC
                                           Joshua Erlich
                                           The Erlich Law Office, PLLC
                                           1550 Wilson Blvd. Suite 700
                                           Arlington, VA 22209
                                           Tel: (703) 791-9087
                                           Fax: (703) 722-8114
                                           Email: jerlich@erlichlawoffice.com
                                           *Counsel for Plaintiff/Counter-Defendant Matthew Adams*

FORT MYER CONSTRUCTION
CORPORATION

By Counsel

KIERNAN TREBACH LLP

*/s/ Patrick J. Crowley*
Alan S. Block # 431010
Patrick J. Crowley # 1779295
Kiernan Trebach LLP
1776 Eye Street, NW, Sixth Floor
Washington, DC 20006
Telephone: (202) 712-7000
Facsimile:  (202) 712-7100
Email:  ablock@kiernantrebach.com
Email: pcrowley@kiernantrebach.com
*Counsel for Defendant/Counter-Plaintiff Fort Myer*
*Construction Corporation*