**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MATTHEW ADAMS, | * |
|     Plaintiff/Counter-Defendant, | * |
| v. | *    Civil Action No. 1:25-cv-01949-TNM |
| FORT MYER CONSTRUCTION CORPORATION, | * |
|   | * |
| Defendant/Counter-Plaintiff. | |

_____

**STIPULATED PROTECTIVE ORDER**

Plaintiff/Counter-Defendant, MATTHEW ADAMS ("Mr. Adams") and Defendant/Counter-Plaintiff, FORT MYER CONSTRUCTION CORPORATION ("FMCC") (Mr. Adams and FMCC, collectively, the "Parties"), by and through their undersigned counsel, jointly stipulate and hereby move for the entry of a Stipulated Protective Order upon the following terms and conditions:

Accordingly, it is this _____ day of May, 2026, by the United States District Court for the District of Columbia, hereby **ORDERED**:

1.  This Stipulated Protective Order ("Order") will govern all "Confidential Information" as defined below.

2.  All Parties, persons and entities bound by the terms of this Order may use Confidential Information solely for the purpose of this litigation and any appeals thereof, and not for any business, commercial, competitive, personal, or other purpose or means whatsoever.  The Parties and the attorneys of record for the Parties shall exercise reasonable care to ensure that Confidential

Information is (a) used only for the purposes specified herein, and (b) disclosed only to authorized persons pursuant to Paragraph 6 of this Order.

3. For purposes of this Order, the term "Confidential Information" means documents and/or information that either or both of the Parties designates as constituting confidential information concerning any Party and/or any of her/its/their officers, directors, employees, agents, clients, consultants, contracting entities and/or representatives, including, but not limited to, confidential or proprietary information or documents, confidential or proprietary business or personnel information or documents, contractually-mandated confidential information or documents, and/or sensitive or commercially valuable or otherwise non-public information or documents.

4. Any Party shall have the right to designate as Confidential and subject to this Order any "Confidential Information" as set forth above.

5. "Confidential information" shall be identified as such by stamping or otherwise designating individual pages or entire documents or files or information as "Confidential" prior to discovery production or inspection. Plaintiff/Counter-Defendant or Defendant/Counter-Plaintiff and/or her/their attorney(s) who receives a discovery response or document or thing that is not designated as "Confidential" shall refrain from releasing or disclosing the document or thing to any person or entity until the end of the fifth (5th) business day following the receipt of the document or thing, so that the disclosing Party may have the opportunity to correct any inadvertent, accidental, negligent, grossly negligent, or other disclosure or production of documents or information intended to be protected by this Order and/or subject to protection from release/discovery as privileged attorney-client communications, or as privileged work product or attorney work product, or as otherwise protected from release by applicable statute or regulation.

At any time, the producing Party may request that any such disclosed or produced documents or things be marked "Confidential" and so treated under this Order.  The receiving Party shall not have the right to deny any such request.

6.  Except as otherwise provided by written stipulation of the Parties or by further order of the Court, Confidential Information may be disclosed by the receiving Party only to:

a. the Court and its Officers;[1]

b. outside and in-house counsel representing a Party (and the employees and agents of such counsel);

c. any outside consultant or expert retained by a Party in this litigation to assist in the prosecution/defense of that Party's position in this litigation;

d. persons while appearing as witnesses for any of the Parties to this litigation; and

e. court reporters who record depositions, statements or other testimony in proceedings related to this litigation.

Prior to the disclosure of any Confidential Information to any person pursuant to Paragraphs 6(b), (c), (d), or (e) such persons shall be informed by the respective Party's counsel of record of the provisions of this Order and shall agree to be bound by the terms of this Order.

7.  Any "Confidential Information" filed with Court shall be filed under seal. At the conclusion of this case, any materials filed with the Court under seal shall be kept under seal, unless otherwise ordered by the Court.

8.  In the event that a receiving Party challenges a "Confidential" designation, the Parties shall attempt first to resolve such dispute in good faith on an informal basis, including but not limited to efforts at redacting sensitive information.  If the dispute cannot be resolved, any Party may seek appropriate relief from the Court by motion or appropriate request.  Pending disposition

---

[1] Court filings that include Confidential Information shall be made under seal.  *See* Paragraph 7.

of such motion or request, however, the documents at issue will be treated by the receiving Party as if they were confidential and will be fully subject to the provisions of this Order.

9. Within sixty (60) days after the conclusion of this litigation, including any appeal(s), documents designated as "Confidential" or "Confidential Information" (including originals, copies, extracts and summaries thereof and materials furnished to experts or consultants) under the control of the receiving Party shall be returned to counsel of record for the disclosing Party, or destroyed.  Within sixty (60) days after conclusion of this litigation, including any appeal(s), counsel of record for the Party who received the Confidential Information shall certify in writing that all documents have been returned to the counsel of record for the disclosing Party (as appropriate) or destroyed, and shall serve such certification on undersigned counsel for the disclosing Party (as appropriate).  If for any reason counsel of record cannot comply with the provisions of this paragraph, counsel of record shall notify the other Party's counsel of record within sixty (60) days after the conclusion of this litigation, including any appeal(s), of the basis for its inability to comply and shall comply with the provision of this paragraph as soon thereafter as possible.

10.  Nothing herein will affect the right of any Party to designate and withhold from production documents or information that is protected from release as privileged attorney-client communications, or as privileged work product or attorney work product, or as otherwise protected from release by applicable statute or regulation.

11.  Any Party may, upon good cause shown, apply to the Court for modification of this Order or for relief from any provision hereof.

12.  The terms of this Order shall survive any final disposition of this litigation and shall be enforceable with the Court.

**SO ORDERED**.

_____
Hon. Trevor McFadden
U.S. District Court for the District of Columbia

cc:  All parties of record.

**Agreed as to the terms and conditions:**

MATTHEW ADAMS

By Counsel

*/s/ Joshua Erlich (with permission)*
_____
Joshua Erlich DC Bar # 101108
The Erlich Law Office, PLLC
1550 Wilson Blvd. Suite 700
Arlington, VA 22209
Tel: (703) 791-9087
Fax: (703) 722-8114
Email: jerlich@erlichlawoffice.com
*Counsel for Plaintiff/Counter-Defendant Matthew Adams*

FORT MYER CONSTRUCTION CORPORATION

By Counsel

KIERNAN TREBACH LLP

*/s/ Patrick J. Crowley*_____
Alan S. Block # 431010
Patrick J. Crowley # 1779295
Kiernan Trebach LLP
1776 Eye St. NW, Sixth Floor
Washington, DC 20006
Telephone: (202) 712-7000
Facsimile:  (202) 712-7100
Email:  ablock@kiernantrebach.com
Email: pcrowley@kiernantrebach.com
*Counsel for Defendant/Counter-Plaintiff Fort Myer Construction Corporation*